WALTER, Justice.

**Gene WHITWORTH, Appellant,**

v.

**Raymond J. SMITH et ux., Appellees.**

**No. 4496.**

Court of Civil Appeals of Texas,
Eastland.

Dec. 10, 1971.

———◆———

Glenn & Thomas, Allen Glenn, Abilene, for appellant.

Quinn & Price, Nelson Quinn, McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee, Abilene, for appellees.

Gene Whitworth filed suit against Raymond Smith and wife in trespass to try title and in the alternative to remove a cloud from the title to property located in Abilene, Taylor County, Texas. The Smiths filed a general denial, a plea of not guilty and in the alternative pleaded that the deed executed by them to Whitworth on February 16, 1967 and recorded in Vol. 822, page 595 of the Deed Records of Taylor County, Texas mistakenly conveyed all the property described therein instead of only a portion thereof as a result of a mutual mistake. The Smiths asserted that only that portion of the property described in the deed dated August 23, 1968 and recorded in Vol. 859, page 570 of the Deed Records of Taylor County, Texas was intended by the parties to have been included in the 1967 deed. The two issues submitted and the jury's answers thereto are as follows:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that defendant, Raymond Smith, and plaintiff, Gene Whitworth, intended that the deed in question convey only the approximate west ⅓ of the property in question as described in the correction deed dated August 23, 1968?

Answer 'Yes' or 'No'

ANSWER Yes

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the general warranty deed in question dated February 16, 1967, contained a description of land therein inserted as the result of a mutual mistake between the defendant, Raymond Smith, and the plaintiff, Gene Whitworth?

By the term 'mutual mistake' is meant that mistake which is common to both parties to a transaction, each of whom is under the same mistake as to its terms.

Answer 'It was the result of a mutual mistake' or 'It was not the result of a mutual mistake'.

ANSWER Yes. 'It was the result of a mutual mistake' "

The court rendered a take nothing judgment against Whitworth and reformed the 1967 deed from the Smiths to Whitworth in order to conform to the description of the property set forth in the correction deed of 1968.

■■■ Whitworth has appealed and in his first four points asserts that the court erred in submitting Special Issue No. 1 because it did not inquire about the final intentions of each of the parties; that the intentions of the parties was not an issue because the parties changed their intentions during negotiation; that said issue was "misleading and confusing and was not distinct", and that it was on the weight of the evidence. The points do not refer to the assignments of error in the appellant's motion for new trial to which they are germane as required by Rule 418, Texas Rules of Civil Procedure. In his motion for a new trial we find in paragraph 11 and 12 assignments complaining about Issue No. 1. They assert the court erred in submitting said issue because it does not identify the deed in question and is a comment on the weight of the evidence and is not an ultimate issue. These alleged errors are the only matters which appellant can complain about in his points relating to Issue No. 1.

He cites Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447 (Tex.Com.App.1935) in support of his objections to Issue No. 1. The issue submitted and the jury's answer thereto in the Sun Oil case are as follows:

"Do you find, from a preponderance of the evidence that it was mutually intended and agreed between Malinda Schuyler and J. H. Liles that the lease which was executed by Malinda Schuyler and Horace Schuyler in favor of the Sun Oil Company should cover and affect the 2.59 acre tract in question? Answer 'Yes' or 'no.'

Answer 'No.' "

In affirming the Court of Civil Appeals' opinion, 77 S.W.2d 1086, holding that the jury's answer to said special issue was not a finding of mutual mistake the Court said:

"The jury merely found that both parties to the lease did not intend and agree that it should cover and affect the tract in controversy. This finding does not negative the existence of an intention on the part of one of the parties that the lease include the tract."

In Champlin Oil & Refining Company v. Chastain, 403 S.W.2d 376 (Tex.Sup.Ct. 1965) the Court said:

"The equitable reformation of a written contract is based upon the premise that a contract was actually made, but the written memorandum thereof, because of a mutual mistake, does not truly reflect the actual agreement of the parties. 'Reformation is a proper remedy when the parties have reached a definite and explicit agreement, understood in the same sense by both, but, by their mutual or common mistake, the written contract fails to express this agreement.' . . . Despite hardship, relief by reformation will be denied in the absence of proof of a definite agreement between the parties which has been misstated in the written memorandum because of a misake common to both contracting parties. . . . A definite agreement, a meeting of the minds, is basic to the remedy of reformation."

The special issue submitted in the case at bar reveals that it was the intention of not one, but both parties that the 1967 deed convey only the approximate west ⅓ of the property described in the correction deed of 1968. The careful and learned trial court properly submitted the issue and appellant's objections are without merit.

We find that the record contains some evidence of probative force to show mutual

mistake and there was some evidence of probative force to show a mistake on the part of Whitworth. Appellant's points 5 and 6 asserting the contrary are overruled. In point No. 7 the appellant contends the court erred in failing to submit Whitworth's intention in receiving "the February 16 deed in a separate issue from what was intended by the Smiths" and in point 8 he asserts the court erred in submitting Special Issue No. 2 because it comments on the weight of the evidence. He fails, however, to cite any authority in support of these points and we are unable to find any. We have carefully considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.